**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE BANKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:12CV213 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on petitioner's motion to request credit for time spent in service of his state sentence. The Court will liberally construe petitioner's motion as one brought pursuant to 28 U.S.C. § 2241. Because the Court lacks jurisdiction over petitioner's motion, the motion will be dismissed.

On April 19, 2006, Banks entered a plea of guilty to the charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On June 27, 2006, petitioner was sentenced to 180 months' imprisonment, 3 years of supervised release, and a $100 special assessment. Banks did not file an appeal.[1]

---

[1] The Court's records show that petitioner previously brought several motions for relief under 28 U.S.C. § 2255, the first of which this Court denied on the merits on April 10, 2008. <u>See</u> <u>Banks v. United States</u>, No. 1:06-CV-99-RWS (E.D. Mo.). Banks did not appeal from this judgment. On January 11, 2010, petitioner filed another § 2255 action, which this Court transferred, as successive, to the United States Court of Appeals for the Eighth Circuit. <u>See</u> <u>Banks v. United States</u>, 1:10-CV-

In the motion before the Court, petitioner's single ground for relief is that the Bureau of Prisons has inappropriately computed his sentence.  Petitioner claims that the BOP has not given him the appropriate credit for his time served on his state sentence.[2]

Claims regarding the computation of prison sentences are appropriately raised under 28 U.S.C. § 2241.  E.g., Barden v. Keohane, 921 F.2d  476, 478-79 (3rd Cir. 1990) (collecting cases).  Section 2241 petitions must be brought in the district court where the petitioner is incarcerated and name the warden of the federal facility as respondent.  28 U.S.C. § 2241(a).

---

14-RWS (E.D. Mo.).  On June 16, 2020, the Eighth Circuit denied Banks' petition for authorization to file a successive habeas application.  See Banks v. United States, No. 10-1446 (8th Cir. 2010).  On September 22, 2010, Banks filed another § 2255 motion, which was summarily dismissed as successive. Banks v. United States, 1:10-CV-145 RWS (E.D. Mo.).  On December 2, 2010, Banks filed another successive § 2255 motion, which was also summarily dismissed.  Banks v. United States, 1:10-CV-199 RWS (E.D. Mo.).  On May 2, 2011, Banks filed yet another successive § 2255 motion which was also summarily dismissed. Banks v. United States, 1:11CV74 RWS. (E.D. Mo.).

[2]Petitioner has attached correspondence from the Bureau of Prisons to his motion indicating that he is has pursued this matter through the Bureau of Prisons. Thus, it appears he has attempted to exhaust his administrative remedies with regards to his assertions.

-2-

Petitioner is incarcerated at the United States Penitentiary in Beaumont, Texas. Beaumont Penitentiary is located in the Eastern District of Texas, Beaumont Division. As a result, this Court lacks subject matter jurisdiction over this action.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to request credit for time spent in service of his state sentence is **DISMISSED** pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 7th day of February, 2013.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE